UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DJIBRIL SOW,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-03765 (VC)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Re: Dkt. No. 1

Petitioner Djibril Sow was arrested by U.S. Immigration and Customs Enforcement ("ICE") in February 2026. Dkt. No. 1 ¶ 19. He filed the instant petition arguing that his current detention, and Respondents refusal to provide him with a bond hearing, amounts to prolonged detention in violation of the Fifth Amendment. *See* Dkt. No. 1 ¶¶ 27–39. Respondents maintain that Petitioner's detention is lawful under § 1226(c)(1)(E). Dkt. No. 10 at 4. For the following reasons, the Petition is dismissed without prejudice.

## I. BACKGROUND

Records before the Court indicate that Petitioner is a native of Senegal and entered the United States on or around October 28, 2023 near Lukeville, Arizona. Dkt. 10-2 at 1. Upon entry, he was encountered by U.S. Customs and Border Patrol and released. Dkt. No. 10 at 1; Dkt. No. 10-1 at 2. He was served with a Notice to Appear several months later placing him in removal proceedings under section 240 of the Immigration and Nationality Act ("INA"). Dkt. No. 10-2 at 1–2. Petitioner claims that he applied for asylum following his release. Dkt. No. 1 ¶ 18.

On January 15, 2026, Petitioner was arrested in Miami Beach, Florida for petit theft under Florida Statute § 812.014(3)(a) and charged for the same crime a day later. Dkt. No. 10-2 at 1. Petitioner claims this arrest and charge were based on accusations that he stole a beer. Dkt. No. 1 ¶ 23. On February 13, 2026, the judge overseeing the criminal case ordered Petitioner to pay costs, withheld adjudication, and released Petitioner. Dkt. No. 10-4 at 1. U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner immediately upon his release from state custody.

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus ("Petition") seeking either his immediate release or a bond hearing before an immigration judge. The Court set a briefing schedule on the Petition and appointed counsel for Petitioner. Dkt. No. 7. Respondents filed an opposition to the Petition arguing that Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(E) due to his theft charge, and the statute is not unconstitutional as applied to him. Dkt. No. 10 at 7–8. Petitioner did not file a reply.

## II. DISCUSSION

"In January 2025, Congress amended § 1226(c) to subject additional categories of noncitizens who have had interactions with law enforcement to mandatory detention without a bond hearing." *Montalvan Reyes v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-00441-DC-JDP (HC), 2026 WL 760264, at *3 (E.D. Cal. Mar. 18, 2026) (citing Pub. L. No. 119-1, 139 Stat. 3 (2025)). Specifically, § 1226(c)(1)(E) makes detention mandatory for any non-citizen charged as "inadmissible" for having entered the United States without inspection under 8 U.S.C. § 1182(a)(6)(A), and who "is charged with, is arrested for, [or] is convicted of … committing acts which constitute the essential elements of any burglary, theft, [or] larceny[.]" 8 U.S.C. § 1226(c)(1)(E)(i)–(ii).

On its face it appears § 1226(c)(1)(E) applies to Petitioner. The first element is satisfied as Petitioner's Notice to Appear charges him as inadmissible under INA § 212(a)(6)(A)(i) as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No.

10-2 at 2. Additionally, Petitioner has not presented any argument suggesting that § 1226(c)(1)(E) does not cover arrests or convictions for theft under Florida Statute § 812.014(3)(a).[1] Indeed, courts in this district have found that § 1226(c)(1)(E) specifically applies to "any … theft", 8 U.S.C. § 1226(c)(1)(E), including arrests, charges, and convictions for petty theft. *Yaman v. Warden*, No. 1:26-CV-2048-DJC-JDP, 2026 WL 1162729, at *2 (E.D. Cal. Apr. 29, 2026), *report and recommendation adopted sub nom. LNU v. Warden*, No. 1:26-CV-2048-DJC-JDP, 2026 WL 1457379 (E.D. Cal. May 22, 2026) (finding § 1226(c)(1)(E) applicable where Petitioner had been arrested for petty theft under Cal. Penal Code § 484 and collecting cases).

As application of § 1226(c)(1)(E) to Petitioner appears lawful, the Court turns next to his due process claim for prolonged detention. "The Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to 8 U.S.C. § 1226(c)[,]" however, "[n]umerous district courts … have found that unreasonably long detention periods may violate the due process clause." *Hernandez v. Lundy*, No. 1:25-CV-02007-SKO (HC), 2026 WL 102292, at *4–5 (E.D. Cal. Jan. 14, 2026) (collecting cases). Judges have reached different conclusions about what standards ought to govern as-applied challenges to prolonged, mandatory detention under 8 U.S.C. § 1226(c), with factors such as the length of detention, whether the detention is likely to continue, and the reasons for the delay among items considered amongst the plethora of different balancing tests. *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents), *appeal dismissed sub nom. Keo v. Warden*, No. 25-

[1] The Court further notes that neither party has addressed the significance of the fact that adjudication was withheld here. To alleviate due process concerns where a non-citizen's detention is based on an arrest or charges that were dismissed "courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes, and concluding mandatory detention is not required when charges are never filed" or dismissed. *Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (collecting cases); *see also*, *S.E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 WL 206085 (E.D. Cal. Jan. 27, 2026); *E.C. v. Noem*, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264, at *9–10 (D. Nev. Oct. 14, 2025). The Court is not aware of any authority, however, finding that adjudication being withheld is akin to a dismissal.

3546, 2025 WL 2528945 (9th Cir. June 27, 2025).

Regardless of which test the Court applies here, Petitioner has not shown that his detention has become unconstitutionally prolonged. The single fact he relies on to justify habeas relief is that he has now been detained for five months as of the date of this order. Dkt. No. 1 ¶ 2. As evidenced by the various balancing tests considering different factors, such as the indefiniteness of the detention and cause of the delay, the duration of detention, standing alone, is generally not enough to justify relief from § 1226(c) detention, particularly where it hasn't reached six-months. *See Gonzalez v. Bonnar*, No. 18-CV-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019) ("Although Petitioner continues to insist on a bright-line rule that detention beyond 6-months is constitutionally impermissible, the Supreme Court's decision in *Jennings* establishes there is no such bright-line rule."). Indeed, Courts in this district have denied habeas relief for individuals' whose detention far exceeded five months. *See, e.g.*, *Carlos A.C.J. v. Warden of the Mesa Verde Det. Facility*, No. 1:26-CV-04434-MWJS, 2026 WL 1752066, at *2 (E.D. Cal. June 17, 2026) (concluding that detention of approximately seven and a half months under 8 U.S.C. § 1226(c) did not violate due process); *Keo*, 2025 WL 1029392, at *6–8 (concluding that twenty-two-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Oth v. Chestnut*, No. 1:25-CV-01367-KES-HBK (HC), 2026 WL 323053, at *5–8 (E.D. Cal. Feb. 6, 2026) (concluding that fourteen-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Daley v. Andrews*, No. 1:25-CV-00922-KES-CDB (HC), 2026 WL 101840 (E.D. Cal. Jan. 14, 2026) (concluding that seventeen-month detention under 8 U.S.C. § 1226(c) did not violate due process). The fact that Petitioner's detention has reached five months, without further evidence that his detention has become indefinite or that it has become unconstitutionally long given his particular situation, is not sufficient to justify habeas relief at this time.

The petition is therefore DISMISSED without prejudice to refiling at a later date. The Clerk of the Court is directed to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: July 27, 2026

VINCE CHHABRIA
United States District Judge